BENJAMIN B. WAGNER
United States Attorney

G. PATRICK JENNINGS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6648
guy.p.jennings@usdoj.gov

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEQUOIA PROPERTY AND EQUIPMENT LIMITED PARTNERSHIP, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Civil No. 1:97-CV-5044 LJO <br><br> Consolidated <br><br> **ORDER OF JUDICIAL SALE** |

A final judgment (Docket No. 371) was entered by this Court in the above-entitled action on October 22, 2002, ordering that the United States' federal tax liens be foreclosed and that the subject property, described below, be sold pursuant to 28 U.S.C. § 2001.

The subject property is located at in the town of Visalia, in Tulare County, California, and is more particularly described as follows:

Lot 45 of Tract No. 59, in the City of Visalia, County of Tulare, State of California, as per Map Recorded in Book 19, Page 204 of Maps in the Office of the County Recorder of said County.

APN 085-018-0-03

(hereinafter referred to as "5036 West Oak"), and

Lot 10 of Sunset West Subdivision, in the City of Visalia County of Tulare, State of California, according to the map thereof recorded in Book 26, Page 3 of Maps, Tulare County Records.

1    APN 119-173-10

2    (hereinafter referred to as "3850 West Cherry")

3        3850 West Cherry and 5036 West Oak are referred to collectively here as the

4    "Property."

5        Accordingly, it is **ORDERED** as follows:

6        1.  The United States Marshal for the Eastern District of California, his or her

7    representative, or an Internal Revenue Service Property Appraisal and Liquidation

8    Specialist ("PALS"), (hereinafter reference to the Marshall or PALS shall also refer to

9    his or her agents, officers, and representatives) is authorized and directed under 28

10   U.S.C. §§ 2001 and 2002 to offer for public sale and to sell each parcel of the Property

11   separately.  The United States may choose either the United States Marshal or a PALS

12   to carry out the sale under this Order and shall make the arrangements for any sale as

13   set forth in this Order.

14       2.  The Marshal or PALS is authorized to have free access to the Property and to

15   take all actions necessary to preserve the Property, including, but not limited to,

16   retaining a locksmith or other person to change or install locks or other security devices

17   on any part of the Property, until the deed to the Property is delivered to the ultimate

18   purchaser.

19       3.  The terms and conditions of the sale are as follows:

20           a.  the sale of the Property shall be free and clear of the interests of:

21   defendants Gilbert Mark Crisp, Rhonda J. Crisp, Wanda Jean Crisp, Sequoia Property

22   and Equipment Limited Partnership, Hyper-Jean Property and Equipment Limited

23   Partnership, Washington Mutual Bank, Great Western Bank, Leader Federal Bank for

24   Savings, Union Planters Bank, and Mid Valley Lenders, Inc.

25           b.  the sale shall be subject to building lines, if established, all laws,

26   ordinances, and governmental regulations (including building and zoning ordinances)

27   affecting the Property, and easements and restrictions of record, if any;

28

- 2 -

c.  the sale shall be held at the courthouse of the county or city in which the Property is located, on the Property's premises, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002;

d.  the date and time for sale are to be announced by the United States Marshal or the PALS;

e.  notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Tulare County, and, at the discretion of the Marshal or the PALS, by any other notice deemed appropriate.  The notice shall contain a description of the Property and shall contain the terms and conditions of sale in this order of sale;

f.  The minimum bid for each parcel will be set by the Internal Revenue Service. If the minimum bid is not met or exceeded, the Marshal or the PALS may, without further permission of this Court, reduce the minimum bid, and under the terms and conditions in this order of sale, hold a new public sale;

g.  the successful bidder(s) shall be required to deposit at the time of the same with the Marshal or the PALS a minimum of ten percent of the bid, with the deposit to be made by certified or cashier's check payable to the United States District Court for the Eastern District of California.

Before being permitted to bid at the sale, bidders shall display to the Marshal or the PALS proof that they are able to comply with this requirement.  No bids will be received from any person(s) who have not presented proof that, if they are the successful bidders(s), they can make the deposit required by this order of sale;

h.  the balance of the purchase price for the Property is to be paid to the United States Marshall or a PALS (whichever person is conducting the sale) within 20 days after the date the bid is accepted, by a certified or cashier's check payable to the "U.S. District Court for the Eastern District of California".  If the bidder fails to fulfill this

- 3 -

requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be applied to the income tax liabilities of Gilbert Mark Crisp, Rhonda J. Crisp, and Wanda Jean Crisp at issue herein.  The Property shall be again offered for sale under the terms and conditions of this order of sale.  The United States may bid as a credit against its judgment without tender of cash;

i.  the sale of the Property shall be subject to confirmation by this Court. The Marshal or a PALS shall file a report of sale with the Court, together with a proposed order of confirmation of sale and proposed deed, within 20 days from the date of receipt of the balance of the purchase price;

j.  on confirmation of the sale, the Marshal or PALS shall execute and deliver a deed of judicial sale conveying the Property to the purchaser;

k.  on confirmation of the sale, all interests in, liens against, or claims to, the Property that are held or asserted by all parties to this consolidated action are discharged and extinguished;

l.  on confirmation of the sale, the recorder of deeds for Tulare County, California, shall cause transfer of the Property to be reflected upon that county's register of title; and

m.  the sale is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

4.  Until the Property is sold, Gilbert Mark Crisp and Rhonda J. Crisp, and any person occupying the Property with their permission, shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures and appurtenances on the Property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the Property. They shall neither commit waste against the Property nor cause or permit anyone else to do so. They shall neither do anything that tends to reduce the value or marketability of the Property nor

cause or permit anyone else to do so.  The defendants and occupants shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

5.  All persons occupying the Property, including Gilbert Mark Crisp, Rhonda J. Crisp, any of their relatives, and any person occupying the Property with their permission, including but not limited to any tenant, shall leave and vacate the Property permanently within 10 days of the date of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Property).  If any person fails or refuses to leave and vacate the Property by the time specified in this Order, the United States Marshal's Office, alone, is authorized to take whatever action it deems appropriate to remove such person from the premises, including the use of reasonable force, whether or not the sale of such Property is being conducted by a PALS.  If any person fails or refuses to remove his or her personal property from the Property by the time specified herein, the personal property remaining on the Property thereafter is deemed forfeited and abandoned, and the United States Marshal's Office is authorized to remove it and to dispose of it in any manner it deems appropriate, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution.

The proceeds arising from sale are to be paid to the Clerk of this Court and applied as far as they shall be sufficient to the following items, in the order specified:

1.  To the United States Marshal or the PALS (whichever person conducted the sale as arranged by the United States) for the costs of the sale, including any expense of maintaining the Property prior to sale;

2.  To all taxes unpaid and matured that are owed to Tulare County for real

property taxes on the Property; then

3. (with respect to the proceeds of 5036 West Oak) to Washington Mutual Bank in the current balance of the note secured by the trust deed recorded March 4, 1992 with the Tulare County Recorder; then

4. (with respect to the proceeds of 5036 West Oak) to the United States to be applied to the tax judgment against Gilbert Mark Crisp and Rhonda J. Crisp; then

5. (with respect to the proceeds of 3850 West Cherry) to Union Planters Bank in the current balance of the note secured by the trust deed recorded August 1, 1979  with the Tulare County Recorder; then

6. (with respect to the proceeds of 3850 West Cherry) to the United States to be applied to the tax judgment against Wanda Jean Crisp; then

7. Any balance remaining after the above payments shall be held by the Clerk until further order of the Court.

**IT IS SO ORDERED**.

Dated this ___26___ day of ___August___, 2011.

/s/ LAWRENCE J. O'NEILL
LAWRENCE J. O'NEILL
United States District Judge